UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION<br><br>This document relates to<br>CV 07-6222 RGK (FFMx) | Case No. 07-ML-1816 RGK (FFMx)<br><br>**ORDER DENYING ECHOSTAR SATELLITE L.L.C.'s MOTION TO COMPEL** |

On May 13, 2014, the Court heard oral argument on the motion of Echostar Satellite L.L.C. ("Echostar") to compel the production of settlement agreements by plaintiff. The Court took the matter under submission and directed the parties to provide supplemental briefing with respect to the issue of whether a party has an obligation to supplement its prior production with documents that were not created until after the discovery cutoff. On May 20, 2014, plaintiff and Echostar submitted the requested briefing.

**ISSUES RAISED BY THE MOTION**

The following four issues are raised by the motion:

1. Does the Magistrate Judge have jurisdiction to grant the motion even though the discovery cutoff date has passed?

///

  2. Does a party have an obligation to supplement its prior production with documents that were not created until after the discovery cutoff?

  3. Are the settlement agreements responsive to prior document requests?

  4. Are the settlement agreements discoverable?

## ANALYSIS

1. <u>Does the Magistrate Judge have jurisdiction to grant the motion even though the discovery cutoff date has passed?</u>

Ordinarily, any motion concerning discovery must be filed sufficiently in advances of the discovery cutoff to allow any production to be completed prior to the cutoff date. Here, however, the parties had obtained an extension of the mediation date from the District Judge in order to allow the instant motion to be decided before the mediation. The Court concludes that, given the foregoing, it has jurisdiction to entertain the instant motion.

2. <u>Does a party have an obligation to supplement its prior production with documents that were not created until after the discovery cutoff?</u>

After reviewing the authorities cited by the parties, the Court concludes that the obligation to provide supplemental production pursuant to Rule 26 survives the discovery cutoff. Having made that determination, the Court further concludes that there is no principled basis for treating newly created documents differently from newly discovered documents.

3. <u>Are the settlement agreements responsive to prior document requests?</u>

After reviewing the prior document requests, the Court concludes that they were intended to address license agreements. Settlement agreements appear to have been contemplated by the requests only to the extent they included license agreements. The Court is persuaded by plaintiff's contention that settlement agreements relating to expired patents are not sufficiently related to license agreements to be fairly within the contemplation of the discovery requests.

4. <u>Are the settlement agreements discoverable?</u>

Given the foregoing, issue 4 is moot.

**CONCLUSION**

Echostar's motion to compel is DENIED.

Dated: May 29, 2014

/ s / FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3